IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALDERMAN HOLDINGS, LLC,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>OLIVER DAVID THOMPSON and  )<br>EDWARD P. THOMPSON,  )<br>  )<br>Defendants.  )<br>  ) | No.: 2:23-cv-00757-RJC<br><br>Judge Robert J. Colville |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

Before the Court is Plaintiff, Alderman Holdings, LLC's, Motion to Dismiss (ECF No. 8) Defendants, Oliver David Thompson and Edward P. Thompson's, Counterclaims (ECF No. 7) pursuant to Fed. R. Civ. P. 12(b)(7). The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a). The Motion has been fully briefed and is ripe for disposition.

**I.     Factual Background & Procedural History**

Plaintiff initiated this action with the filing of a Complaint in the Court of Common Pleas of Allegheny County on April 13, 2023. Not. of Removal, ECF No. 1. Defendants then removed this action to federal court on May 8, 2023, on the basis that this Court has diversity jurisdiction over these claims. *Id.* In the Complaint, Plaintiff alleges Defendants, along with their brother, LeRoy Thompson, Jr., inherited from their mother, as tenants in common, real property in Sewickley Heights Borough. Compl. ¶ 8, ECF No. 1, Ex. 2. Plaintiff alleges that on December 5, 2016, Defendants and LeRoy entered into a Residential Lease Agreement with Plaintiff which contained an Option to Purchase. *Id.* at ¶ 10.

1

Plaintiff alleges that Defendants, acting to the exclusion of LeRoy, sent a letter dated March 16, 2023, to Plaintiff declaring alleged "Notice of Defaults" under the Agreement. *Id.* at ¶ 28. Plaintiff alleges that the letter was not properly served in accordance with the Agreement and is, therefore, defective. *Id.* at ¶ 29. Even so, Plaintiff alleges that it subsequently cured the alleged defaults. *Id.* at ¶ 30.

On March 31, 2023, Plaintiff sent a letter to Defendants and LeRoy providing written notice of its intent to purchase the property under the Agreement. *Id.* at ¶ 31. On April 3, 2023, Defendants, to the exclusion of LeRoy, delivered a "Notice to Quit" to Plaintiff. *Id.* at ¶ 33. Again, Plaintiff alleges that the letter was defective under the Agreement and that Plaintiff is entitled to purchase the property at issue. *Id.* at ¶¶ 34-35. Plaintiff asserts causes of action for declaratory judgment, specific performance and injunctive relief, and breach of contract. *See id.*

Defendants filed their Answer, with counterclaims, on May 15, 2023. Answer, ECF No. 7. Defendants allege that Plaintiff breached the Agreement by failing to comply with occupancy permitting and building and construction permitting. Answer, pp. 13-14. Additionally, Defendants allege that Plaintiff failed to pay ten percent of the profits made from farming the premises and failed to pay any monies for sub-letting the premises. *Id.* at 15. Lastly, Defendant alleges that Plaintiff failed to pay real estate taxes and failed to obtain renter's insurance on the property. *Id.* at 15-16. Defendants bring counterclaims for declaratory judgment and breach of contract. *Id.* at 16-18.

Plaintiff filed its Motion to Dismiss Defendant's Counterclaims (ECF No. 8) along with its Brief in Support (ECF No. 9) and Answer to Defendants' Counterclaims (ECF No. 10) on June 5, 2023. Defendants filed their Brief in Opposition (ECF No. 12) on June 26, 2024. Plaintiff filed its Reply (ECF No. 13) on July 3, 2023.

On November 17, 2023, this matter was consolidated, for discovery purposes, with the matter of *LeRoy Thompson, Jr. v. Oliver David Thompson and Edward P. Thompson*, Civil Action No. 2:23-cv-00766-RJC.  ECF No. 18.

## II.	Legal Standard

Fed. R. Civ. P. 12(b)(7) provides that a party may move to dismiss an action when the opposing party has failed to join a party under Fed. R. Civ. P. 19.  Fed. R. Civ. P. 12(b)(7).  To resolve a motion brought under Rule 12(b)(7), the court applies a two-prong analysis.  *Ohio Valley Bistros, Inc. v. GMR Restaurants of Pennsylvania, Inc.*, No. 2:06CV286, 2006 WL 3762011, at *3 (W.D. Pa. 2006).

> First, it must determine whether a party is necessary to the litigation with reference to the factors listed in Rule 19(a).  See *Janney Montgomery Scott v. Sheperd Niles*, 11 F.3d 399, 404 (3d Cir. 1993).  This rule provides that a party is necessary if it is subject to service of process, its joinder would not deprive the court of subject matter jurisdiction, and at least one of the following circumstances exists: (1) in the party's absence, complete relief will be unavailable to those already parties; or (2) the absent party claims an interest related to the subject matter of the action, and is situated so that the outcome of the action in the party's absence may (i) impair or impede that party's ability to protect its interest, or (ii) place any existing party at substantial risk of incurring double, multiple, or inconsistent obligations.
>
> If the absent party is not necessary within the meaning of Rule 19(a), the inquiry is at an end.  A party cannot be "indispensable" under Rule 19(b) unless it is first deemed "necessary" under Rule 19(a).  *Abel v. American Art Analog, Inc.*, 838 F.2d 691, 694, 695 (3d Cir. 1988).

*Id.*

If a party is deemed necessary, the Court must determine whether joinder is feasible.  *Earle Refining, LLC v. New Vacuum Technologies, LLC*, Civil Action No. 22-4469, 2024 WL 2749723, at *3 (D. N.J. May 29, 2024) (citing *General Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007)).  If joinder is feasible, dismissal is not warranted.  *Id.*  However, if joinder is

3

not feasible, "the court must determine whether the absent party is 'indispensable' under Rule 19(b)." *Id.*

### III. Discussion

Plaintiff argues that dismissal of Defendants' counterclaims is warranted because LeRoy Thompson is a necessary party under Rule 19(a); that the joinder of LeRoy is not feasible under Rule 19(a); and that Leroy is an indispensable party under Rule 19(b).  Mot. 3.

**A. Whether LeRoy Thompson is a Necessary Party Under Rule 19(a)**

Plaintiff argues that LeRoy is a necessary party under Rule 19(a) because "he has rights and financial interests under the Agreement that will be impaired or impeded if judgment is entered on the counterclaims in his absence."  Br. in Supp. 6.  Specifically, Plaintiff argues that Defendants' counterclaims assert that the Agreement was terminated by Plaintiff and the Option to Purchase was unenforceable.  *Id.* at 7.  Plaintiff argues that this would directly impact LeRoy's financial interest in the Agreement because he is entitled to one-third of the purchase price.  *Id.*  Additionally, Plaintiff points the Court to the companion action in which LeRoy alleges that the Option to Purchase was validly exercised by Plaintiff.  *Id.*

Defendants argue that LeRoy is not a necessary party because the Court can grant relief on Defendants' claims against Alderman, i.e. that Alderman is in breach, without the presence of LeRoy.  Br. in Opp. 3.  Additionally, Defendants argue that Pennsylvania law allows one tenant in common to sue without joining the other tenants in common meaning Defendants can bring claims, as tenants in common, against Plaintiff without the inclusion of LeRoy.  *Id.*

The Court acknowledges that, in general, under Pennsylvania law, tenants in common are not necessary parties under Rule 19.  However, the case law establishing this general rule concerns circumstances where a tenant in common is bringing suit to enforce his/her own interest in the

tenancy.  *See Harper v. Global Geophysical Services, Inc.*, No. 10cv1540, 2010 WL 94210, at *7 (W.D. Pa. Jan. 11, 2011) (Finding that additional tenants in common were not required parties because the Court could "make a determination as to rights to the property and the parties presently before the Court without joining any additional parties"); *Hayes v. Stephenson*, 161 A.2d 900, 902 (Pa 1960) ("a tenant in common can enforce his claim to the extent of his interest without the joinder of another").  Except, as here, where the claims of one tenant in common will determine the rights of all other tenants in common, the other tenants in common are necessary parties under Rule 19.  *See Conservation Council of Western Australia, Inc. v. Aluminum Company of America*, 518 F. Supp. 270, 277-78 (W.D. Pa. 1981) (holding that tenants in common are necessary parties when the interests of one tenant is not distinct from the others and the interest of each tenant would be affected by a judgment); *Laudermich v. 730 Texas Timberlands, II, Ltd.*, No. 4:22-CV-00423, 2023 WL 6797007, at *6 (Finding that all tenants in common would be necessary parties where a plaintiff tenant in common sought to establish the defendant's obligations with respect to the subject property and said finding would "determine the rights of all owners of the property").

Because Defendants counterclaims concern the enforceability of the Agreement to which LeRoy is a party, the Court finds that LeRoy is a necessary party under Rule 19(a).  LeRoy's alleged interest in upholding the Agreement would be affected by the Court's judgment on Defendant's counterclaims.

**B.  Whether Joinder of LeRoy Thompson is Feasible Under Rule 19(a)**

With a finding that LeRoy is a necessary party under Rule 19(a), the Court must now determine whether his joinder is feasible.  Plaintiff argues that joinder of LeRoy is not feasible "because it would destroy the Court's diversity jurisdiction."  Br. in Supp. 6.  Plaintiff alleges that it is a citizen of Pennsylvania and Defendants are citizens of Kentucky and New Hampshire, so

the joinder of LeRoy, a citizen of Pennsylvania, would destroy the Court's diversity jurisdiction. *Id.* at 9. Defendants argue that, if the Court finds that LeRoy is a necessary party, joinder is feasible because the Court can exercise supplemental jurisdiction over Defendants' counterclaims. Br. in Opp. 5.

Defendants are correct. The Third Circuit is clear that "in a diversity action, the district court has jurisdiction over a defendant's counterclaim against non-diverse parties joined as third-party defendants to the counterclaim." This is because "joinder of 'non-diverse counterclaim defendants do[es] not destroy diversity jurisdiction . . . because there is complete diversity of citizenship between the original parties." *Development Finance Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 160 (3d Cir. 1995) (alternations in original) (quoting *In re Texas Eastern Transmission Corp. PCB Contamination Insurance Coverage Litigation*, 15 F.3d 1230, 1238 (3d Cir. 1994), *cert. denied*, 513 U.S. 915 (1994)).

Because the Court finds that joinder is feasible, dismissal is not warranted, and the Court need not determine whether LeRoy is an indispensable party under Rule 19(b).

### IV.   Conclusion

For the reasons discussed above, the Court will Deny Plaintiff's Motion as to the dismissal of Defendant's Counterclaims. Plaintiff's Motion is Granted to the extent the Court finds that LeRoy Thompson is a necessary party to Defendants' Counterclaims. Defendants shall file amended counterclaims adding LeRoy Thompson as a counter defendant. An appropriate Order of Court follows.

                                                    BY THE COURT:

                                                    */s/Robert J. Colville*
                                                    Robert J. Colville
                                                    United States District Judge

DATED: September 10, 2024

cc: All counsel of record